# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-1297V
(Unpublished)

| | |
|---|---|
| URSULA HALLVIK, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: January 28, 2020 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Shealene Mancuso*, Muller Brazil, LLP, Dresher, PA, for Petitioner.
*Debra Begley*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On August 27, 2018, Ursula Hallvik ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered peripheral neuropathy as a result of the influenza ("flu") vaccination she received on October 3, 2016. Pet., ECF No. 1. Petitioner filed a statement of completion on August 30, 2018. ECF No. 6. Petitioner filed additional medical records on May 20, 2019, June 27, 2019, August 12, 2019, and September 12, 2019. *See* ECF Nos. 15, 17, 22, 25.

On August 30, 2019, Respondent filed a Rule 4(c) Report contesting Petitioner's right to damages and requesting the dismissal of the claim. ECF No. 24. On November 22, 2019,

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a status report expressing her intent to file an expert report in 60 days. On January 21, 2020, Petitioner filed a status report informing the Court that she was unable to find an expert. ECF No. 28.

Petitioner filed a motion to dismiss her claim on January 24, 2020, indicating that "[a]n investigation of the facts and science by a number of experts in peripheral neuropathy has demonstrated to petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." Pet'r's Mot., ECF No. 30 at 1.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master